Opinion of the Court.

## The Toledo, Peoria & Warsaw Railway Co.

*v.*

## Antoinette T. Curtenius.

1. DOWER—*advising and consenting to sale does not estop widow from claiming.* Where parties purchased the estate of minor heirs at a guardian's sale made under an order of court, upon the assurance that they were getting a perfect title, such sale being made by the advice and consent of the widow, who was entitled to dower in the same, and paid the full value of the land without any incumbrance: *Held,* that the widow was not estopped from asserting her claim for dower, by her consenting to and advising such sale, there being no pretense of selling her interest; and that she was not bound to seek her dower interest out of the purchase money.

2. DOWER—*assessment of damages on bill for.* Where the premises of which the widow seeks to be endowed are not susceptible of division, the same jury which assesses the yearly value of the dower, must also assess the damages which the dowress is entitled to from the date of her demand down to the time of the verdict. Where the jury assessed the yearly value only, and the court decreed damages at the same yearly rate from the time of the demand, it was held to be erroneous.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

Messrs. BRYAN & COCHRAN, for the appellant.

Messrs. McCULLOCH & STEVENS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is conceded that appellee is entitled to dower in the premises described in the petition, unless she is in some way barred from asserting the claim as against the appellant.

The defense relied on is, that the appellee is estopped from claiming dower in the premises by reason of the fact that Cruger, Secor & Co. supposed at the time they purchased the interest of the heirs at the guardian's sale, under a decree of

court, in pursuance of an agreement previously made, that they were getting a perfect title, and that such sale was made by the advice and consent of appellee. But if she is not so estopped, it is insisted that she ought to be required to prosecute it against the money realized from the sale, now in the hands of the heirs.

It is insisted that this is pre-eminently a case *stricti juris.* Let it be conceded. Upon what principle, then, is the demandant to be barred of her right of dower?

It does not appear that she has ever released her dower in any manner known to the law, nor has it been barred by any statute of limitations. If it is lost, or her right has been cut off, it must be in some way without her consent, for she has never voluntarily relinquished it.

It may be conceded that the appellant paid full price, even its extreme value, for the interest of the heirs, and it may be true that Cruger, Secor & Co. may have thought they were purchasing the entire title. In all the negotiations in regard to the sale, not one word was said about the dower interest. The guardian could not and did not pretend to sell it.

It is intimated that Cruger, Secor & Co. did not know of the dower interest at the time of the purchase. They were bound to know it. They knew that they were purchasing the interest of minor heirs in the estate under an order of court, and it was their plain duty to inquire whether their mother was living, and what interests, if any, she had in the premises. If they failed to do so, it was at their peril. It can not be said that they were ignorant of her existence and place of residence, for they say that she advised and consented to the sale. They bargained only for the interest of the heirs in the lands, and that, it is conceded, they got.

It is said that because the appellee advised and consented to the sale, for that reason she ought to be estopped from asserting any claim to dower in the premises as against the appellant.

122    T. P. & W. R. W. Co. *v.* Curtenius. [Sept. T.,

Opinion of the Court,

No reason is perceived why she had not a right to be consulted and to give her advice in the matter. The interest of her minor children in the estate of their father was about to be sold, and it was eminently proper that she should be consulted. No one was proposing to sell her life interest in the estate. Had the proposition been to sell her dower with the fee, then it would have been her duty to have asserted her rights, or have been equitably estopped. Such was not the proposition, and no mention was made of her interest.

Cruger, Secor & Co. knew that appellee was living, and her place of residence; that her husband had died seized of the estate which they were about to purchase of his heirs, and it was their duty to inquire whether she had released her dower, and if they did not, it will be presumed they purchased the fee subject to the incumbrance.

It will not do to say that the appellant, or Cruger, Secor & Co. did not know that appellee had dower in all the lands of which her husband died seized, unless it had been released in some legal form. In making the purchase, therefore, if they did not bargain for it, we must presume they purchased the fee of the estate subject to the dower incumbrance.

It is provided by the statute that no widow who shall, as executrix or administratrix, sell and convey, by order of court, real estate of her husband, in which she shall be entitled to dower, shall be deemed to relinquish her right of dower therein by reason of such conveyance, unless her relinquishment shall be specified in such deed or conveyance. It would be a very harsh rule to adopt, that because the dowress knew of and consented to, and even advised the sale of estate belonging to her minor children for their maintenance or otherwise, she would thereby be estopped from asserting her claim to dower as against the purchaser. Such a rule would be incompatible with all legislation on that subject and would be most inequitable.

The authorities cited by counsel on the doctrine of estoppels *in pais* are not applicable to the facts in the case at bar, and

it is not deemed necessary to review them. In no view of the case is the appellee estopped by any act on her part from asserting her right of dower. Nor do we think she is compelled to prosecute her claim as against the money realized from the sale. That was the price the grantees agreed to pay the heirs for their interest in the estate. The guardian only professed to sell the interest of the heirs in the fee in the estate, and did, in fact, sell nothing more, and the amount realized ought not to be reduced by deducting therefrom the value of the dower. The purchase was subject to the dower, and the estate itself is chargeable. It seems to us that this proposition is so plain that it need not be elaborated.

The only question in the case about which we have had any doubt is, whether the court did not err in rendering a decree for the reasonable damages sustained after demand, when the amount had not been found by a jury. The question is not free from difficulty, but we are inclined to hold that there was error in this particular.

There can be no doubt that under the 26th section of the dower act R. S. 1845, p. 198, when the commissioners have assigned dower by metes and bounds the court, on the approval of that report, may assess the damages which the demandant would sustain after demand. Either party, however, would have the right to have the question submitted to a jury.

The difficulty lies in the construction of the 28th section. That section seems to provide that where the commissioners report that the estate is not susceptible of division without great injury thereto, it is imperative that the same jury which shall be called to assess the yearly value of the dower to be paid by the party having the next estate of freehold or inheritance, shall also assess the damages which the dowress may have sustained from the date of the demand down to the time of the verdict.

The jury in this case simply found the yearly value of the dower, and the court assessed the damages sustained, and rendered a decree accordingly. This was irregular. It was

the duty of the jury, and they should have been so instructed, not only to find the yearly value of the dower, but also the amount of damages, if any, and upon their finding the court could properly have rendered a decree.

The yearly value of the dower as found by the jury in this instance was only the amount the court should decree to be paid to the dowress on a certain day named, and annually thereafter during her natural life. It would constitute no just basis for estimating the damages from the date of the demand to the time of the verdict. The premises may have been worth more or less rental value during the previous years, and the true construction of the statute seems to be in all such cases that the questions of the yearly value and the damages should both be submitted to the same jury

In this view of the law, the court proceeded erroneously in making the assessment of damages, and the decree must be reversed and the cause remanded.

*Decree reversed.*